IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PERNELL D.
MONTGOMERY,

                Petitioner,

       v.                          CASE NO.  09-3122-SAC

STATE OF KANSAS,

                Respondent.

O R D E R

    This habeas corpus petition was submitted by an inmate of Ellsworth Correctional Facility, Ellsworth, Kansas, upon forms for filing a motion to reduce or correct a federal sentence, or for relief under 28 U.S.C. § 2241.  The court notes that petitioner is not a federal prisoner, and thus may not seek reduction of his sentence under Rule 35.  Nor is he challenging the execution of his state sentence under § 2241.  Instead, he challenges the sentence entered upon his conviction in state court.  It follows that his claim is one under 28 U.S.C. § 2254.

    The procedural history of petitioner's state conviction and sentence is set forth in State v. Montgomery, 120 P.3d 1151, 1153 (Kan.App. 2005)[1] as follows:

> On December 19, 1996, Montgomery was convicted by a jury of aggravated robbery, a severity level 3 person felony, and attempted rape, a severity level 4 person felony.  At sentencing on January 24, 1997, the trial court established the aggravated robbery conviction as the primary offense for sentencing purposes; with a criminal history score of A, Montgomery received the standard presumptive sentence of 194 months' imprisonment.  The trial court specifically noted that Montgomery's standard presumptive sentence for attempted rape would have been

---

[1]   The court takes judicial notice of the state court opinions and dockets in petitioner's state criminal case that are available on-line.

162 months' imprisonment had his full criminal history score been applied to that offense. However, the attempted rape conviction, as the nonbase offense, was scored as a criminal history category I, and Montgomery received the standard presumptive sentence of 41 months' imprisonment, concurrent with the aggravated robbery sentence. Montgomery also received a postrelease supervision term of 36 months.

Montgomery appealed his convictions but raised no sentencing issues. On August 6, 1999, this court reversed Montgomery's aggravated robbery conviction and affirmed the conviction of attempted rape. <u>State v. Montgomery</u>, 26 Kan.App.2d 346, 350, 988 P.2d 258 (1999).

On March 11, 2004, the State filed a motion to correct Montgomery's sentence. Montgomery was serving his postrelease supervision term for attempted rape at the time the State filed its motion. In fact, Montgomery's postrelease supervision had been revoked for a violation, and he was incarcerated when the motion was filed. In its motion, the State argued that when the aggravated robbery conviction was reversed on appeal, the attempted rape conviction became the primary or base offense. Thus, according to the State, Montgomery's 41-month sentence for attempted rape, which was calculated without applying the criminal history, became illegal. The State argued Montgomery should be resentenced for the attempted rape conviction so that his full criminal history score could be applied to that offense.

The trial court ruled that Montgomery's sentence for attempted rape was legal when imposed and did not become illegal when the primary conviction was reversed. The trial court noted that K.S.A. 21-4720(b)(5) was amended in 2000 to require an appellate court to remand a case for resentencing when it reverses the defendant's primary conviction. However, the trial court ruled that the amendment only applied prospectively and did not affect Montgomery's case. Thus, the trial court denied the motion.

<u>State v. Montgomery</u>, 120 P.3d at 1153. The State appealed the

denial of its motion to the KCOA. The KCOA agreed with the State's

argument that: "in a multiple conviction case, if the defendant's

primary conviction is reversed on appeal, the case should be

remanded for resentencing in order for the court to determine the

new base sentence." <u>Id</u>. at 1154. The KCOA found this was precisely

what must happen under subsequent express amendments to the

controlling statute, and that the amendments merely clarified the law in effect at the time of petitioner's offenses.  They reasoned as follows:

> The State is only attempting to have the attempted rape conviction established as the primary offense now that the aggravated robbery conviction has been reversed.  The sentence the State now seeks to impose on Montgomery for attempted rape is not additional punishment to that prescribed by law at the time he committed the offense. For instance, had Montgomery's aggravated robbery conviction been overturned by the trial court ( e.g., on a postjudgment motion), Montgomery would have originally received 162 months' imprisonment for attempted rape. Moreover, Montgomery's original sentence, with the aggravated robbery conviction, was a controlling term of 194 months' imprisonment.  Thus, if resentencing occurs as suggested by the State, Montgomery's new sentence of 162 months' imprisonment will still be less than the original sentence.  Cf. State v. Heywood, 245 Kan. 615, 620, 783 P.2d 890 (1989)*517 (sentencing following remand is not presumed vindictive unless the new sentence exceeds the original sentence).

Id. at 1155.  The KCOA thus found that retroactive application of the amended K.S.A. 21-4720(b)(5) to Montgomery's case "only results in Montgomery receiving the sentence for attempted rape he would have received in 1997 had it been his only crime of conviction." Id. at 1155-56.  The court also rejected petitioner's argument that the State had waived its right to seek resentencing by not raising this issue at the time his aggravated robbery conviction was reversed.  They additionally ruled that the courts retained jurisdiction over Montgomery to correct his sentence even though at the time the State filed its motion, he had previously begun to serve his post-release supervision term and had been re-incarcerated on a postrelease supervision violation.  The "trial court's denial of the State's motion to correct Montgomery's sentence (was) reversed, and the case (was) remanded with directions for the trial court to resentence Montgomery for attempted rape as the primary

conviction, with credit for time served." The Kansas Supreme Court denied review on February 14, 2006. It further appears that petitioner filed a petition for writ of certiorari, which was denied on October 2, 2006. <u>Montgomery v. Kansas</u>, 549 U.S. 840 (2006).

Petitioner alleges he was re-sentenced on June 18, 2007, in the District Court of Shawnee County, Kansas, to 162 months with a term of 36 months post-release supervision[2]. Petitioner exhibits state court pleadings showing his attorney appealed his resentencing on June 19, 2007. However, petitioner also attaches a letter to him from the Paul E. Wilson Defender Project, which advised: "one of your former attorneys failed to complete your Notice of Appeal regarding the re-sentencing trial verdict," and a "Motion to Docket Appeal Out of Time may be filed." Petitioner was instructed to respond to the Project if he wished them to proceed by filing the motion[3].

As ground one for his federal Petition, Mr. Montgomery claims he has been subjected to double jeopardy in violation of the Fifth Amendment. In support, he alleges that he completed and discharged "this case of 95-CR-3848 in June, 2005," but the State rearrested him in January 2007 and resentenced him in the case. He further alleges that the 2000 amendment was retroactively applied to his

---

[2]    Petitioner attaches exhibits which indicate he was released on post-release supervision on or about February 20, 2004, and that when the Kansas Department of Corrections received the mandate from the KCOA showing the aggravated robbery conviction had been dismissed, they simply considered the 41-month sentence for attempted rape as the controlling term. As noted, the State filed its motion to correct Montgomery's sentence on March 11, 2004. After the decision by the KCOA, the county prosecutor issued a warrant for petitioner's arrest for resentencing, as directed. However, petitioner failed to comply with his post-release conditions, and had been returned to prison.

[3]    Petitioner's exhibits also indicate he filed a pro se motion to correct illegal sentence in the trial court on September 6, 2007. The outcome of this motion is not disclosed.

case, and this violated his Fifth Amendment rights.

As ground two, petitioner claims the State of Kansas and the sentencing court "had no jurisdiction" to "go beyond the 120 days of the judgment, dismissal of the appeal and mandate issued in 1999."

As ground three, petitioner claims he was denied his Fourteenth Amendment rights to due process in that "attorney failed to complete appeal," State of Kansas denied his right of appeal, and he was denied credit for time "served on parole."  In support he alleges only that his "parole started Nov, 2001;" his discharge date was June, 2005; and his parole time of 36 months should have been credited as time served.

Having examined the materials filed in this case, the court finds:

1.  Petitioner is presently a prisoner in the custody of the State of Kansas; and

2.  petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted based upon his Inmate Account Statement showing a current balance of less than $150.00.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED THAT**:

1.  Respondents herein are hereby required to show cause within thirty (30) days from the date of this order why the writ should not

be granted.

    2.  The response should present:

        (a)  the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

        (b)  an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

    3.  Respondents shall cause to be forwarded to this court for examination and review the following:

        the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

    4.  The petitioner is granted twenty (20) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

    5.  The clerk of this court shall then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

    **IT IS SO ORDERED**.

Dated this 18th day of June, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge