IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PERNELL D. MONTGOMERY,

        Petitioner,

v.                      CASE NO. 09-3122-SAC

STATE OF KANSAS,

        Respondent.

## O R D E R

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On June 18, 2009, this court issued a show cause order to respondent. The matter is now before the court upon respondent's Motion to Dismiss. Mr. Montgomery has not responded to this dispositive motion. Having considered the Petition and all materials filed by Mr. Montgomery together with the uncontested motion filed by respondent and relevant materials submitted in support, the court finds as follows.

The court adopts as its own statement of facts, and incorporates fully into this Order, respondent's statement of "Procedural History of Case" set forth at pages 2-4 of the Motion to Dismiss (Doc. 10).

The court finds from those facts, and based upon the authority and arguments cited by respondent in the Motion at page 4, that Mr. Montgomery's state conviction and sentence became "final" no later than April 9, 2008. The one-year statute of limitations within which Mr. Montgomery was required to file his federal habeas corpus Petition thus began running on that date, if not before. It ran unimpeded for one year and expired on or before April 9, 2009. Mr. Montgomery executed the instant Petition on June 9, 2009, which was

two months after the time limit expired. The court concludes that defendant's Motion to Dismiss must be sustained and this action dismissed as time-barred unless Mr. Montgomery can show he is entitled to either additional statutory tolling or equitable tolling.

With regard to statutory tolling, 28 U.S.C. § 2244(d)(2) pertinently provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). If petitioner can make no claim to additional statutory tolling, he must allege facts demonstrating his entitlement to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

The court might have granted respondent's well-reasoned and supported motion as uncontested. However, Mr. Montgomery will be given one last opportunity to allege facts showing he is entitled to either additional statutory or equitable tolling[1]. Petitioner is

---

[1] Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000), *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where

given time to file a Response to the Motion to Dismiss and to this Order providing facts indicating that the statute of limitations in this case was tolled, either by statute or by equitable tolling. If he fails to file such a Response within the time provided, this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted twenty (20) days in which to file a Response showing why this action should not be dismissed as time-barred based upon the facts, authority, and arguments set forth in respondent's Motion to Dismiss (Doc. 10) and in this Order.

**IT IS SO ORDERED.**

Dated this 29th day of December, 2009, at Topeka, Kansas.

                                              s/Sam A. Crow
                                              U. S. Senior District Judge

---

a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).
    Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808. In addition, complaints regarding post-conviction counsel also do not entitle a petitioner to equitable tolling.